# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JACQUES WICKSON,** : | CIVIL ACTION NO. 1:06-CV-0401 |
| Petitioner : | (Judge Conner) |
| v. : | |
| **BUREAU OF IMMIGRATION AND** : | |
| **CUSTOMS ENFORCEMENT** : | |
| **INTERIM FIELD OFFICE** : | |
| **DIRECTOR FOR DETENTION AND** : | |
| **REMOVAL FOR THE** : | |
| **PHILADELPHIA DISTRICT, et al.,** : | |
| Respondents : | |

## MEMORANDUM

Jacques Wickson ("Wickson"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), incarcerated at the York County Prison, York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on February 23, 2006. (Doc. 1). For the reasons set forth below, Wickson's petition will be referred to ICE as a request for review under 8 C.F.R. §241.13.

## I.   Statement of Facts

Wickson, a native and citizen of Haiti, is subject to a final order of removal from the United States entered in July 2005, which he does not contest. (Doc. 1, pp. 2, 4). ICE took custody of him on March 2, 2005. (Doc. 1, p. 2). Since that time, he has been given a custody file review in accordance with 8 C.F.R. § 241.4, but was dissatisfied with the analysis utilized during the review. (Doc. 1, p. 3).

To date, ICE has been unable to remove him to Haiti. (Doc. 1, p. 3) He argues that he has been in custody for more than six months and is seeking release pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001).

## II.   Discussion

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under §1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory.  See 8 U.S.C. §1231.

The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Zadvydas, 533 U.S. at 689. "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." Id. at 701. If at the conclusion of the six month period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Id. Not every alien must be released after six months. An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Following <u>Zadvydas</u>, regulations were promulgated to meet the criteria established by the Supreme Court. <u>See</u> 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1).

The mandatory detention period expired in October 2005, and Wickson indicates that a custody file review was completed. Jurisdiction to make a determination concerning Wickson's custody would now lie with the HQPDU. It does not appear that he filed a written request for release with the HQPDU. Consequently, ICE will be ordered to treat the petition as a request for release under 8 C.F.R. §241.13. ICE shall respond to the request within thirty days.

Having referred the issue of release to the government for disposition under existing review procedures, this portion of Wickson's petition will be denied.

AND NOW, this 1st day of March, 2006, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1. As of the date of this Order, ICE shall treat the petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.13. ICE shall provide petitioner with a response to his request within thirty days.

2. The Clerk of Court is directed to serve a copy of the petition and this order on respondent and the United States Attorney.

3. The petition for writ of habeas corpus is DENIED.

4. The Clerk of Court is directed to CLOSE this case.


    /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge